COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JAMES MIKA

v.        Record No. 0540-96-2            MEMORANDUM OPINION[*]
                                              PER CURIAM
SEARS, ROEBUCK & COMPANY                  FEBRUARY 18, 1997
AND
ALLSTATE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (John H. Maclin, IV, on brief), for
              appellant.

              (Cecil H. Creasey, Jr.; Mark M. Caldwell;
              Sands, Anderson, Marks & Miller, on brief),
              for appellees.


        James Mika (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that

(1) Sears, Roebuck & Company (employer) was not responsible for

the cost of Dr. Milton Ende's medical treatment rendered to

claimant between November 14, 1988 and January 10, 1995 or for

claimant's mileage to and from such treatments, (2) Dr. G. W.

Chirkinian's medical treatment was not causally related to

claimant's compensable August 28, 1987 industrial injury, and

(3) a CT scan and x-rays performed at Johnston Willis Hospital on

October 5, 1994 were not causally related to claimant's

compensable industrial injury.[1]  Upon reviewing the record and

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

        [1]Claimant also contends that the commission should have held
employer responsible for a $125 medical bill submitted by Dr.
Jatinder K. Sidhu.  Employer stated in its brief that it accepted

the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

I.

Code § 65.2-604 requires that a physician who treats an injured employee file medical records upon request of the injured employee, the employer, or the insurer. Claimant bore the burden of proving that Dr. Ende's medical treatment was reasonable, necessary, and causally related to his industrial injury. Neither Dr. Ende nor claimant produced any medical records related to Dr. Ende's treatment of claimant between November 14, 1988 and January 10, 1995, from which it could be determined that such treatment was reasonable, necessary, and causally related to claimant's industrial injury. Therefore, we cannot say as a

responsibility for Dr. Sidhu's bill at the hearing, and that it paid the bill after the hearing on January 10, 1996. On February 21, 1996, employer also paid claimant directly the amount of $54 for the cost of x-rays performed on November 14, 1988 at the direction of Dr. Sidhu. Accordingly, the issue of employer's liability for these medical bills is moot and, therefore, will not be addressed on appeal.

matter of law that claimant's evidence sustained his burden of proof. Accordingly, the commission did not err in refusing to hold employer responsible for the cost of such treatment or for mileage related to claimant's travel to and from Dr. Ende's office during this time period.

## II.

On a prescription form dated February 9, 1993, Dr. Ende referred claimant to Dr. G. W. Chirkinian, a chiropractor, for three visits for treatment of wrist and hand pain. No evidence established that Dr. Chirkinian's treatment was causally related to claimant's industrial injury. Moreover, the commission, in its role as fact finder, was entitled to reject the handwritten notation "lumbar trouble" on the referral form, finding that the form apparently had been altered. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

Based upon the lack of any persuasive evidence to prove that Dr. Chirkinian's treatment was causally related to claimant's industrial injury, we cannot say as a matter of law that claimant's evidence sustained his burden of proof. Therefore, the commission did not err in refusing to hold employer responsible for the cost of Dr. Chirkinian's treatment.

## III.

Dr. Ende referred claimant for lumbosacral spine x-rays and

a CT scan on an unsigned prescription pad note dated October 4, 1994.  No evidence established that the CT scan and x-rays were causally related to claimant's industrial injury.  Accordingly, we cannot say as a matter of law that claimant's evidence sustained his burden of proof.  Therefore, the commission did not err in refusing to hold employer responsible for the cost of the CT scan and x-rays.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>